UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRAHMA GROUP, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TONOPAH SOLAR ENERGY, LLC, et al.,<br><br>Defendants. | Case No.: 2:18-cv-01747-RFB-GWF<br><br>**ORDER**<br><br>**Re: Motion for Protective Order (ECF No. 39)** |

This matter is before the Court on Plaintiff's Motion for Protective Order (ECF No. 39), filed on May 9, 2019. The issue in the motion is whether parties in a related state court action should be allowed to participate in the deposition of Plaintiff's key witness. Defendant opposes the motion, in part, based on Plaintiff's counsel's failure to comply with the meet and confer requirements of Rule 26(c)(1) of the Federal Rules of Civil Procedure and Local Rule 26-7.

Prior to filing the motion, Plaintiff's counsel did not confer or attempt to confer in person or by telephone with Defendant's counsel in a good faith effort to resolve the dispute without the need for court action. In arguing that the motion should nonetheless be considered, Plaintiff cites Defendant's counsel's May 2, 2019 email in which he stated that Defendant would not agree to parties in the state court action attending the deposition, and that to the extent they intend to do so, "I would ask that you let us know beforehand so that we can bring this matter before the magistrate." *Declaration of Eric Zimbelman* (ECF No. 41), *Exhibit 21*. Plaintiff argues that in light of Defendant's counsel's statement, "further discussions would have been futile and would only have contributed to further delay in seeking resolution of the pending discovery dispute." *Reply* (ECF No. 44), at 2. This is not a sufficient reason for dispensing with the meet and confer

requirements of the rule.  The requirement that the parties' counsel confer in person or by telephone applies even if, in the eyes of the moving party, the other side appears obstinate and not likely to agree to any resolution.  Defendants' counsel did not refuse to engage in a meet and confer conference.  Plaintiff was, therefore, not excused from engaging in one.  Nor would a conference have materially delayed Plaintiff's ability to file a motion for protective order.  Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Protective Order (ECF No. 39) is **denied**, without prejudice to its refiling, if attempts to resolve the dispute in compliance with the rules are unsuccessful.

IT IS FURTHER ORDERED that the hearing scheduled for June 7, 2019 at 9:30 A.M. is **vacated**.

DATED this 5th day of June, 2019.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**