**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BRAHMA GROUP, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TONOPAH SOLAR ENERGY, LLC, a Delaware limited liability company<br><br>Defendant.<br><br>TONOPAH SOLAR ENERGY, LLC, a Delaware limited liability company<br><br>Counter Claimant<br><br>v.<br><br>BRAHMA GROUP, INC., a Nevada Corporation,<br><br>Counter Defendant | Case No. 2:18-cv-01747-RFB-GWF<br><br>**ORDER** |

Two motions are pending before the Court. First, Plaintiff Brahma Group, Inc. ("Brahma" or "Plaintiff") moves to stay this matter or, alternatively, to amend the complaint. ECF No. 13. Second, Defendant Tonopah Solar Energy, LLC ("TSE" or "Defendant") moves this Court for a permanent injunction. ECF No. 16. For the reasons stated below, the Court denies Brahma's motion and grants TSE's motion.

/ / /

/ / /

/ / /

## I. PROCEDURAL BACKGROUND

Brahma sued TSE in state court on July 17, 2018, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and a violation of Nevada Revised Statutes ("NRS") 624.609 and 624.610. ECF No. 1-1. TSE removed the matter to this Court on September 10, 2018. ECF No. 1. TSE then answered the complaint and asserted counterclaims against Brahma. ECF No. 4.

Brahma amended the complaint on September 25, 2018. ECF No. 8. In the amended complaint, Brahma asserted a single claim for unjust enrichment. Id. TSE answered the amended complaint on October 9, 2018. ECF No. 11.

Brahma now moves to stay the case or, alternatively, to amend the complaint for a second time. ECF No. 13. TSE opposed the motion, and Brahma replied. ECF Nos. 18, 24.

Additionally, TSE seeks an injunction. ECF No. 16. Brahma opposed, and TSE filed a reply. ECF Nos. 20, 28.

The Court entertained oral arguments on the two motions on June 25, 2019. ECF No. 50. This order now follows.

## II. FACTUAL BACKGROUND

The Court makes the following factual findings. TSE owns the Crescent Dunes Solar Energy Project, which is constructed on real property located in Nye County, Nevada (the "Work of lmprovement"). On February 1, 2017, TSE entered into a services agreement ("Agreement") with Brahma. Under the Agreement, Brahma agreed to provide specific work, materials, and equipment for the Work of Improvement. Brahma fulfilled its obligations under the Agreement. However, a dispute arose concerning performance of the Agreement and TSE failed to fully pay Brahma for its services.

In response to TSE failing to pay Brahma in full, Brahma recorded a notice of lien on April 9, 2018 with the Nye County Recorder. On April 17, 2018, Brahma filed a complaint in the Fifth Judicial District Court in Nye County (Case No. CV39237) to foreclose against the lien and to

///

assert additional claims. Brahma also filed with the Nye County Court a notice of lis pendens and notice of foreclosure of mechanic's lien and recorded the same against the Work of lmprovement.

On April 24, 2018, TSE filed a motion to expunge Brahma's lien in the Nye County Court. Before Brahma received notice of the motion to expunge, Brahma voluntarily dismissed its complaint the same day. But Brahma declined to discharge and release its lien. TSE decided to withdraw its first motion to expunge rather than proceed in that case.

On June 11, 2018, TSE filed a second motion to expunge the lien pursuant to NRS 108.2275(1). Because there was no complaint pending, the second motion to expunge created a special proceeding in the Fifth Judicial District Court, Nye County, Nevada, ("Nye County Special Proceeding") in accordance with NRS 108.2275(5) which provides that "[i]f, at the time the [motion] is filed, an action to foreclose the notice of lien has not been filed, the clerk of the court shall assign a number to the [motion] and obtain from the [moving party] a filing fee of $85." NRS 108.2275(5).

On July 17, 2018, while the motion to expunge in the Nye County Special Proceeding was still pending, Brahma filed a new complaint in the Eighth Judicial District Court, Clark County Nevada ("Clark County Action"). This complaint asserted the same claims against TSE as the previously dismissed Nye County Action, with the exception of the lien foreclosure claim: (1) breach of the Agreement, (2) breach of the implied covenant of good faith and fair dealing, (3) unjust enrichment, (4) and violation of Nevada's prompt payment act (together "contract claims"). TSE removed the Clark County Action to federal court on the basis of diversity jurisdiction on September 10, 2018.

In September and October of 2018, nonparty Cobra Thermosolar Plant, Inc., ("Cobra") recorded surety bonds that detached Brahma's mechanic's lien and the mechanic's lien of nonparty H&E Equipment Services, Inc, (one of Brahma's suppliers) from the Work of Improvement pursuant to NRS 108.2415(6).

On September 12, 2018, state court Judge Elliott heard and denied from the bench the second motion to expunge filed by TSE. A written order later issued in October 2018. Shortly after the hearing on the motion to expunge, on September 20, 2018, Brahma filed a lien foreclosure

complaint within the same Nye County Special Proceeding. The complaint asserted a single claim for foreclosure of notice of lien against TSE. The complaint also named nonparties Cobra and H&E as third-party defendants in that action. Brahma then filed an amended complaint in this case on September 25, 2018. The amended complaint removed Brahma's three other previously asserted claims for (1) breach of the Agreement, (2) breach of the implied covenant of good faith and fair dealing, and (3) violation of Nevada's prompt payment act. Brahma then filed an amended counter-complaint and third-party complaint in the Nye County Special Proceeding, asserting the contract claims that had been dropped from its complaint in the Federal Action.

### III.  LEGAL STANDARD

#### a. Colorado River Abstention

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colo. River Water Conservation Dist v. U.S., 424 U.S. 800, 813 (1976). Nevertheless, the Supreme Court has recognized that there may be "exceptional circumstances," that warrant federal abstention from concurrent federal and state proceedings. Id. at 813. As developed by Colorado River and its progeny, federal courts use a multi-pronged test that includes eight factors to consider when assessing the appropriateness of a Colorado River stay: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. Seneca Ins. Co. Inc. v. Strange Land, Inc., 862 F.3d 835, 841– 42 (9th Cir. 2017) (internal citations omitted). "These factors are not a 'mechanical checklist,'" and may not always be applicable to any given case. Id. at 842 (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983). Rather, the Court must examine them "in a pragmatic, flexible manner with a view to the realities of the case at hand." Seneca, 862 F.3d at 842. "The underlying principle guiding this review is a strong presumption against federal abstention." Id.

### b. Anti-Injunction Act and Permanent Injunction

The Anti-Injunction Act, 28 U.S.C. § 2283, forbids a federal court from staying proceedings in state court "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." Montana v. BNSF Ry. Co., 623 F.3d 1312, 1315 (9th Cir. 2010) (internal citations omitted). Removal pursuant to 28 U.S.C. § 1446 is a law expressly authorizing the federal court to stay state proceedings when necessary. Lou v. Belzberg, 834 F.2d 730, 740 (9th Cir. 1987) ("It is thus clear that a federal court may enjoin the continued prosecution of the same case in state court after its removal.").

A court may issue a permanent injunction if it finds that there is (1) a likelihood of substantial and irreparable injury, and (2) inadequate remedies at law. G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1107 (9th Cir. 2003) (internal citations omitted).

## IV. DISCUSSION

Both Brahma and TSE urge the Court to decide their respective motions first. However, the Court finds that the order in which it decides the motions is immaterial. Based on the facts alleged, the Court finds that the Colorado River factors do not support federal abstention and that, by amending its complaint and asserting its contract claims against TSE in the state court action, Brahma was attempting to subvert removal of this action. The Court thus denies Brahma's motion for a stay and grants TSE's motion to enjoin Brahma from litigating its contract claims against TSE in state court.

### a. Colorado River Abstention

The Court first examines the Colorado River factors and explains why they do not favor federal abstention.

#### i. Jurisdiction Over a Res

Both parties confirmed at the hearing on this matter that there is no lien currently attached to TSE's property. Tr. Hr'g on June 25, 2019 at 7. Although Brahma has recorded mechanics' liens against the Work of Improvement, all such liens are no longer attached after surety bonds

were recorded releasing the liens pursuant to NRS 108.2415(6). Furthermore, this Court has only ever had contractual and quasi-contractual claims before it, so there is no possibility that the parallel proceedings will result in inconsistent dispositions of a single res. Seneca, 862 F.3d at 842. The Court thus finds that this factor leans against abstention.

### ii. Inconvenience of the Federal Forum

In considering this factor, the Court must consider "whether the inconvenience of the federal forum is so great" that it favors abstention. Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1368 (9th Cir. 1990). As this Court and the Nye County Court are located less than an hour's drive from each other, the Court finds that this factor does not favor abstention.

### iii. Avoidance of Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988). While piecemeal litigation is to be avoided when possible, a "general preference for avoiding piecemeal litigation is insufficient to warrant abstention." Seneca, 862 F.3d at 842. Brahma argues that this factor favors abstention because the Nye County Court will necessarily need to determine issues pertinent to the contract claims, such as the agreed upon contract value of the work. The Court is unconvinced by this argument. Multiple defendants, claims, and cross-claims are routine in diversity cases. Seneca, 862 F.3d at 843. Brahma fails to identify any special or important rationale or legislative preference for having these issues be resolved in a single proceeding, and so the Court finds that this factor does not favor abstention.

### iv. The Order In Which the Fora Obtained Jurisdiction

"In determining the order in which the state and federal courts obtained jurisdiction, district courts are instructed not simply to compare filing dates but to analyze the progress made in each case." Seneca, 862 F.3d at 843. As a preliminary matter, the Court notes that Brahma did not bring its contract claims to the Nye County action until after this case had already been filed in Clark County and subsequently removed to this Court. Thus while the Court will do more than compare filing dates under this factor, the filing dates indicate that *this* Court, rather than the Nye County

Court, first had jurisdiction over the contract claims at issue in this case. Brahma argues that because TSE filed its motion to expunge in Nye County prior to Brahma filing its complaint in Clark County, that the Nye County case was filed first. But while Brahma is correct that the Nye County proceeding began prior to this case, it was this Court that first obtained jurisdiction over the contract claims. The Court also finds that the cases are progressing commensurately. Discovery has commenced in this case, and per the parties' reports at the hearing on this matter, discovery has also just begun in the Nye County Action. Tr. Hr'g on June 25, 2019 at 40. The Court thus finds this factor neutral.

### v. Rule of Decision

While the presence of federal law issues will always be a major consideration weighing against abstention, the presence of state law issues may favor abstention only in rare cases. Seneca, 862 F.3d at 844. "Cases implicating only routine issues of state law—misrepresentation, breach of fiduciary duty, and breach of contract—which the district court is fully capable of deciding—do not entail rare circumstances." Id. (internal citations omitted). This case was brought before this Court pursuant to diversity jurisdiction only, so there are no federal law issues in this case. The claims alleged are routine issues of state law. There is no issue before the Court that is so complex or difficult that it is better resolved by a state court. Thus this factor weighs against abstention.

### vi. Adequacy of the State Forum and Parallel Suits

This factor has two components: the "adequacy" factor, which examines whether the state court proceedings can adequately protect the rights of the federal litigants, and the "parallelism" factor which considers whether the state courts will resolve all issues before the federal court. Seneca, 862 F.3d at 845.[1] The adequacy factor looks to whether the state court can enforce federal rights, while the parallelism factor looks to whether the proceedings address substantially similar claims. Id. Each factor is more relevant when it counsels against abstention, because inadequacy

---

[1] The parallelism factor is often considered separately as the eighth factor under the Colorado River doctrine. However because the analysis is similar, the Court will consider them together. Compare Seneca Ins. Co. Inc. v. Strange Land, Inc., 862 F.3d 835, 845 (9th Cir. 2017) (discussing adequacy of state forum and parallelism together) with Montanore Minerals Corp. v. Bakie, 867 F.3d 1160 , 1169 (9th Cir. 2017) (discussing parallelism and adequacy of state forum separately).

of state forum or insufficient parallelism may preclude abstention, but the alternatives do not compel it. Id. The Court finds these factors to be neutral. There are no federal rights at issue so the adequacy factor is not really at play here. Regarding parallelism, it is true that the claims at issue are not just substantially similar, but indeed identical to the contract claims that had been brought before this Court prior to Brahma amending its complaint. But substantially similar claims, while necessary, are not enough, absent more, to weigh in favor of abstention. Id. Thus the Court finds these factors neutral.

### vii. Avoidance of Forum Shopping

Under this factor, the Court considers whether "either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding." Seneca, 862 F.3d at 846. The Court finds that there is considerable evidence of forum shopping on the part of Brahma here. Brahma filed its complaint asserting its contract claims against TSE in Clark County Court. It was only after receiving a favorable ruling on its motion to expunge in Nye County that Brahma then sought to amend its complaint in this case and reassert those same claims before Judge Elliot in Nye County. Brahma spends considerable time in its briefing insisting that it filed the case in Clark County based on a misreading of a forum selection clause in the Services Agreement between the parties. That argument, however, carries little weight. The plaintiff is master of its complaint, and this plaintiff chose to file in Clark County. Holmes Grp. Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). Presumably Brahma was aware that TSE was not a Nevada citizen, and so there was a possibility that TSE would seek to remove the case to federal court. The Court cannot assist Brahma in undoing what it now alleges was an error of filing by granting a meritless stay.

All of the factors considered under the Colorado River doctrine are neutral or favor the district court's exercise of jurisdiction. Seneca, 862 F.3d at 847. In light of the strong presumption against abstention, the Court will not grant federal abstention pursuant to Colorado River.

### b. TSE's Permanent Injunction

Next the Court examines TSE's request for a permanent injunction. The Court has the power to enjoin state court proceedings if it finds that the state court action was "fraudulently filed

in an attempt to subvert the removal of a prior case." Lou v. Belzberg, 834 F.2d 730, 741 (9th Cir. 1987). By amending its complaint in this case and reasserting identical claims in the Nye Court action, the Court finds that Brahma was attempting to subvert removal of this case. The Court also finds that there would be immediate and irreparable injury to TSE for which there would not be an adequate remedy at law if Brahma's behavior is rewarded. The Court therefore grants TSE's motion and enjoins Brahma from litigating its contract claims in the Nye County Action.

### V.     CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Stay, or in the alternative, Motion to Amend Complaint (ECF No. 13) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion for an Injunction and to Strike (ECF No. 16) is GRANTED.  The Court strikes Plaintiff's amended complaint (ECF No. 8), and reinstates Plaintiff's original complaint (ECF No. 1-1) as the operative complaint in this matter.

**IT IS FURTHER ORDERED** that Plaintiff is enjoined from litigating the following claims alleged against Defendant in any state court action: 1) breach of contract, 2) breach of implied covenant of good faith and fair dealing and 3) violation of NRS 624.

DATED: September 25, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**